IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD ERBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:23-cv-02260-SHM-tmp |
| STATE OF TENNESSEE, ET AL., | ) ) |
| Defendants. | ) ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART, DENYING REQUESTS FOR INJUNCTIVE RELIEF, AND GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On April 28, 2023, Richard Erby[1], booking number 22107449, who is incarcerated at the Shelby County Jail (the "SCJ") in Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  On May 1, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*.

The Complaint (ECF No. 1) is before the Court.

**I.    BACKGROUND**

Although Erby's Complaint, like most of his others, contains many conclusory allegations, he essentially seeks monetary damages for denial of recreation. (*See* ECF No. 1 at PageID 2.) Erby alleges a violation of "Policy 420 Recreation." (*Id.* at PageID 2.)  He alleges that he has been

---

[1] Erby is a pretrial detainee. *See* Shelby County Criminal Justice System Portal, *State v. Erby*, Case No. C2207044, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed August 18, 2025).  Erby has more than forty cases pending in this Court.  The Court has warned Erby about his vexatious filing practices and that realleging "claims that he has asserted in a previously-filed case" will result in the new cases being filed for statistical purposes and being summarily dismissed. (*See* Civil No. 22-2878, ECF No. 5 at PageID 49-51.)

deprived of recreation "for Months NOW – no 1 hr of [e]xposure to [s]unlight – [n]o movement for promotion of healthy [b]lood [c]irculation." (*Id.*) He alleges that there are no showers or cleaning materials. (*Id.*) Erby alleges that he is "[en]closed and boxed in a cell for 24 hrs a day . . . from August of 2022- [D]ecember 2022 and [no] Rec everyday since January 2022 all the way until NOW." (*Id.* at PageID 2.) Erby alleges that he is "trying not to lose my mind." (*Id.*) He alleges that he has been deprived of "sufficient vitamins and [n]utrients." (*Id.*)

As Erby does with most complaints that he has filed in this Court, he alleges a violation of SCJ policy and makes conclusory allegations that the facility is dangerous, that his equal protection and due process rights are being violated, that he is being treated cruelly and inhumanely, that the jail is short on staff causing breaches in safety and security, that he is being entrapped, that he has suffered police brutality, and that the SCJ does not follow policy. (*See* ECF No. 1 at PageID 2, 10-11; *see e.g.*, *Erby v. State of Tenn* 23-2239, ECF No. 1 at PageID 5-10; *see Erby v. State of Tenn.*, 23-2240, ECF No. 1 at PageID 5-10; *see also Erby v. State of Tenn.*, 23-2330, ECF No. 1 at Page ID 10-11.) Erby attaches portions of the United States Constitution and Tennessee Constitution to the Complaint. (*See* Civ. No. 23-2260, ECF No. 1 at PageID 8-9, 12, 14-15.) He attaches a statement about how to "make out" and sustain an equal protection claim based on selective enforcement. (*Id.* at PageID 13.)

Although Erby's allegations do not address any particular Defendant, Erby sues the following Defendants: (1) the State of Tennessee; (2) Shelby County; (3) Sheriff Floyd Bonner; (4) the "Shelby County Sheriff Jail"[2]; (5) Shelby County Mayor Lee Harris;[3] (6) Chief Kirk Fields;

---

[2] The Clerk is DIRECTED to modify the docket to change the name of Defendant "Shelby County Sheriff Jail" to the Shelby County Jail.

[3] Lee Harris is the Shelby County Mayor. *See* Shelby County, Tennessee Mayor's Office, Mayor's Office | Shelby County, TN - Official Website (last accessed August 18, 2025).

(7) Chief Burnett; (8) Chief Anderson; (9) Chief Rudd; (10) Chief Tuggle, (11) Chief Hubbard; (12) Captain Talley; (13) Captain Harris; (14) Lieutenant Bunting; (15) Captain Peppers; (16) Lieutenant Lee; (17) Lieutenant Johnson; (18) Lieutenant Cato; (19) Lieutenant C. Morris; (20) Lieutenant Cleaves; (21) Lieutenant Parker; (22) Lieutenant Jones; (23) Lieutenant Vaner; (24) Sergeant Brown; (25) Sergeant Echols; (26) Sergeant Mourning; (27) Sergeant Dodson; (28) Sergeant Burk; (29) GIU Williams; (30) Sergeant Bennet; (31) Sergeant Carwell; (32) Sergeant Potter; (33) Sergeant Ford; (34) Sergeant Swaine; (35) Sergeant Davis; (36) Sergeant Jackson; (37) Sergeant Achels; (38) Sergeant Stuart; (39) Officer Harris; (40) Officer James Robertson; (41) Officer Williams; (42) Officer Reginald Wilkins; (43) Officer C. Young; (44) Officer Hilson; and (45) Officer M. Ross.  (ECF No. 1 at PageID 1-2.)

Erby seeks: (1) "a Civil Investigative Demand in order to secure information to prove a False Claims Act (F.C.A.)" that the SCJ is "promoting and initiating False Reports to the Government"; (2) five hundred thousand dollars ($500,000.00) for mental and physical damages or injuries; (3) "[f]or I and others in my position to [r[eceive [r]ecreation as State and Federal policy provided that I should along with others in likeness or similarly situated positions"; and (4) "[f]or [o]fficers to just do their job by [a]dministrative policy."  (*Id*. at PageID 11, 16.)

## II.   SCREENING

### A.   Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

3

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State A Claim Under § 1983

Erby alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

#### A. Improper Defendants

Erby sues the State of Tennessee and the SCJ. (ECF No. 1 at PageID 1-2.) A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (noting that "it would be odd for § 1983 to create a right that sovereign immunity immediately takes away"). Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Erby's claims against the State of Tennessee and the SCJ are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

#### B. Erby's Conclusory Allegations

Erby refers to the Tennessee Constitution without pleading any supporting facts and makes conclusory allegations that he is "being entrapped due to officers['] negligence", that he has "suffered [p]olice [b]rutality", that the SCJ is short of staff which breaches safety and security,

5

that he has been deprived of "sufficient vitamins and [n]utrients," and that there are no showers[4] and no cleansing materials. (*See* ECF No. 1 at PageID 2, 8, 11-12.) Erby does not allege a federal constitutional violation. *See Adickes*, 398 U.S. at 150 (requiring a violation of a right secured by the "Constitution and laws" of the United States for a § 1983 claim). Erby fails to satisfy the pleading requirements to state a claim to relief. *See* Rule 8; *see Iqbal*, 556 U.S. at 679; *see Echenique v. JJ's Fam. Mart*, No. 1:25-CV-00025-TRM-CHS, 2025 WL 1584904, at *2 (E.D. Tenn. May 20, 2025), *report and recommendation adopted*, No. 1:25-CV-25, 2025 WL 1584691 (E.D. Tenn. June 4, 2025) ("police brutality" claim that is "conclusory and devoid of specific factual matter in support" failed to state a § 1983 claim); *see Sosa v. Jones*, 389 F.3d 644, 647-49 (6th Cir. 2004) (entrapment is a criminal defense that is not based on due process and is without "constitutional dimension"); *see Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (deprivation of a shower and other personal hygiene items for a brief span of time is not actionable); *see Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (inmate who failed to allege "extreme discomfort" or complete denial of "basic elements of hygiene" failed to state a claim).

To the extent Erby alleges a violation of the Tennessee Constitution and entrapment, his claims are **DISMISSED WITH PREJUDICE**. To the extent Erby alleges police brutality, a breach of safety and security, deprivation of sufficient vitamins and nutrients, and denial of showers and cleansing materials, those claims are **DISMISSED WITHOUT PREJUDICE**.

---

[4] Erby alleges in a separate case filed one week before the instant case that the showers are maintained poorly, that the water is frequently cold, and that he was ridiculed because he smelled after he took a shower without soap. (*See Erby v. State of Tenn.*, 23-2240, ECF No. 1 at Page ID 14-15.)

### C.     **Erby's Recreation Claim**

Erby does not specify whether he is suing the Individual Defendants[5] in their official or individual capacities. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" shows that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Based on the course of proceedings to date, Erby's claims against the Individual Defendants are official capacity claims. The official capacity claims in Erby's complaint are treated as claims against the Individual Defendants' employer — Shelby County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

---

[5] The "Individual Defendants" are Bonner, Lee Harris, Fields, Burnett, Anderson, Rudd, Tuggle, Hubbard, Talley, Capt. Harris, Bunting, Johnson, Peppers, Lee, Johnson, Cato, Morris, Cleaves, Parker, Vaner, Jones, Brown, Mourning, Echols, Dodson, Burk, Williams, Bennet, Carwell, Potter, Ford, Swaine, Davis, Jackson, Achels, Stuart, Officer Harris, Robertson, Williams, Wilkins, C. Young, Hilson, and Ross.

Shelby County may be held liable *only* if Erby's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Official policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Erby's complaint can be construed liberally to allege a persistent practice of the denial of recreation. *See Franklin v. Franklin Cnty., Kentucky*, 115 F.4th 461, 472 (6th Cir. 2024) (requiring the existence of a clear and persistent pattern of unconstitutional conduct.)

The Due Process Clause of the Fourteenth Amendment provides protections to pretrial detainees for the deprivations of the minimal civilized measure of life's necessities, including recreation. *See Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 27 (6th Cir. 2022) (citing *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016)); *see Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The "proper inquiry" to evaluate the conditions of confinement for a pretrial detainee is "whether those conditions amount to punishment." *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 569 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

The United States Supreme Court has recognized that "to deprive a prisoner of any outdoor exercise for an extended period of time in the absence of an especially strong basis for doing so is deeply troubling." *See Apodaca v. Raemisch*, 586 U.S. 931, 934–35 (2018) (denying certiorari). Security concerns *could* justify not permitting plaintiffs to mingle with the general prison

population. *Id.* Justice Sotomayor emphasized that inquiry into whether other exercise arrangements have been made is essential. *Id.*

The Sixth Circuit has recognized that prisoners are entitled to outdoor recreation sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). "[N]o applicable precedent require[es] any minimum amount of outdoor recreation for prisoners." *Kizer v. Robertson Cnty.*, No. 3:17-cv-00715, 2018 WL 2164557, at *1 (M.D. Tenn. May 10, 2018) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)); *see Allen v. Holt*, No. 3:18-CV-00033, 2019 WL 4167278, at *2-3 (M.D. Tenn. Sept. 3, 2019) (the Sixth Circuit has provided little guidance about the extent to which inmates have a constitutional right to outdoor exercise or exercise at all). The Sixth Circuit has held only that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

Erby alleges that he was enclosed in a cell from August until December 2022, and had no recreation from January 2022, until the April 2023 filing of the Complaint. (ECF No. 1 at PageID 2.) Erby alleges that had no "1 hr exposure to sunlight" (*see id.*).

Erby refer to SCJ's Policy 420 addressing recreation without providing its contents or how the policy was violated. (*See* ECF No. 1 at PageID 2.) "Failure to comply with jail policy is not a *per se* constitutional violation." *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015). Section 1983 does not provide a remedy for violating state laws or regulations. *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994); *see Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding a violation of a prison regulation is not actionable under § 1983) (citing *Levine v.*

*Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

Erby does not allege the amount of recreation he would have been allowed. Erby does not allege the reason that he was enclosed in a cell 24 hours a day or the reason that he was denied recreation or "exposure to sunlight." (*See* ECF No. 1 at PageID 2.) Erby does not allege whether he had opportunities for indoor recreation or exercise. *See Jeffries v. Williamson Cnty. Jail*, No. 3:18-CV-00228, 2018 WL 4778197, at *5 (M.D. Tenn. Oct. 2, 2018). Erby's limited factual allegations of denial of recreation fail to state a claim to relief. Erby's recreation claim is **DISMISSED WITHOUT PREJUDICE**.

### D. Injunctive Relief

The Court construes Erby's requests for a civil investigation as a request for injunctive relief to require the SCJ to give inmates recreation and for officers to do their jobs in accordance with jail policy. (*See* ECF No. 1 at PageID 11, 16.) The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell*, 441 U.S. at 548. The Court does not have authority to conduct internal investigations at the SCJ and will not intervene to grant relief that affects the daily operations and administration of the SCJ. *See Robinson v. Hurt*, No. 2:20-CV-01120-JTF-atc, 2021 WL 141702, at *5 (W.D. Tenn. Jan. 14, 2021). Erby's requests for injunctive relief are **DENIED**.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to

10

amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Erby leave to amend under the guidelines set forth below.

**V.      CONCLUSION**

For the reasons set forth above:

A.      The claims against the State of Tennessee and the SCJ are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

B.      To the extent Erby alleges a violation of the Tennessee Constitution and entrapment, those claims are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

C.      To the extent Erby alleges police brutality, a breach of safety and security, deprivation of sufficient vitamins and nutrients, and denial of showers, cleansing materials, and recreation, those claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

      D.      Erby's requests for an investigation and injunctive relief are **DENIED**.

      E.      The Complaint is **DISMISSED** in its entirety because the claims fail to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

      F.      Leave to amend the claims dismissed without prejudice is **GRANTED**.  Amended claims must be filed within twenty-one (21) days after the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Plaintiff fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

      G.      If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

    IT IS SO ORDERED this <u>18th</u> day of August, 2025.

                                              */s/ Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE